GUSTAF A. ANDERSON *vs.* EASTERN COUPLING COMPANY.

Knox.    Opinion October 5, 1911.

*Pleading.    Admission by Demurrer.    General Demurrer.    Patents.*
*Royalties.    Action.*

A demurrer admits all facts well pleaded.

A general demurrer reaches only matters of substance, and waives all matters of form.

If a declaration contains one good count, or one good assignment of a breach of an agreement declared upon, a general demurrer must be overruled.

Objection to a declaration for duplicity can be taken advantage of by special demurrer only.

A declaration setting out an agreement by defendant to pay, on October 1, 1909, patent royalties on all goods manufactured by or, for it during the preceding 90 days, and alleging that the plaintiff had performed his undertakings, that the defendant had manufactured large quantities of goods mentioned in the agreement, and thereby became liable to the plaintiff for the payment of royalties as fixed by the agreement, that the defendant, though requested, had neglected and refused to pay, the date of the writ being long after October 1st, sufficiently alleged performance by the plaintiff and breach by the defendant, as against general demurrer.

On exceptions by defendant.    Overruled.

Assumpsit on a written contract to pay royalties for the right to manufacture and sell invented articles under the plaintiff's patent. The defendant filed a general demurrer to the declaration. The demurrer was overruled and the defendant excepted. It was stipulated in the bill of exceptions that if the exceptions were overruled judgment should be entered for the plaintiff for $500.

The case is stated in the opinion.

*M. T. Crawford,* and *Reuel Robinson,* for plaintiff.

*J. H. Montgomery,* for defendant.

Sitting: Whitehouse, C. J., Savage, Spear, Bird, Haley, JJ.

Haley, J.   This is an action of assumpsit on a contract to pay royalties for the right to manufacture and sell invented articles under plaintiff's patent.   The contract between the parties is in writing, and is set out in full in the declaration.   The defendant filed a general demurrer to the declaration.

The defendant contends that the allegation in the declaration varies from the terms of the contract as set forth in the declaration :

1.   Because the agreement purports to have been made and entered into on the first day of July, 1909, wherein the defendant agreed to pay the plaintiff the royalties for which this action is brought on all hose and nozzle couplings, and on all nozzles manufactured by it or for it, or manufactured by it's or for it's assigns or legal representatives, during the preceding ninety days, the first payment of royalties to be made on October first.   And the declaration avers that the royalties were to be paid at the expiration of ninety days after the date of said agreement, which would be on September 28th, or two days before October first.

2.   That the declaration is not definite as to the damages claimed or cause of damages.

3.   That the declaration also contained two counts in one, and is therefore bad for duplicity.

The demurrer admits all facts well pleaded.   The demurrer being general, it reaches only matters of substance and waives all matters of form, for the rule is well established that matters of form and duplicity in pleading can be taken advantage of on special demurrer, but not on general demurrer, and that, if the declaration contains one good count, or one good assignment of the breach of the agreement declared upon, the demurrer must be overruled and the declaration adjudged good.

"It expressly allows several breaches of the same contract or duty to be assigned, for otherwise the plaintiff would be precluded from recovering damages to the full extent of the injury, or the defendant would not be sufficiently apprised by the declaration of the extent of the claim he would have to answer."   Chitty Plead. 228. Oliver's Precedents, 4th ed. 155.

The demurrer being general, the objection of duplicity cannot prevail, for that can only be taken advantage of on a special demurrer. *Blanchard* v. *Hoxie*, 34 Maine, 376 ; *Briggs et als*. v. *Railway Co.*, 54 Maine, 375 ; *Neal* v. *Hanson*, 60 Maine, 84; *Bank* v. *Abell*, 63 Maine, 346 ; *Concord* v. *Delaney*, 56 Maine, 201 ; *Dexter Sav. Bank* v. *Copeland*, 72 Maine, 220.

The declaration sets out the agreement wherein the defendant promised to pay on October 1st, 1909, royalties on all of the goods manufactured by it or for it, as authorized by said agreement, during the preceding ninety days, according to the schedule which is set forth in said declaration. The declaration further avers that the plaintiff has performed each and every undertaking by him to be performed, and that the defendant has manufactured large quantities of the goods mentioned in the schedule, and thereby became liable and indebted to the plaintiff for the payment of royalties as specified and fixed by the terms of said agreement and schedule, with the usual averment that the defendant, although requested, has neglected and refused to pay, the date of the writ being long after October 1st, 1909. This is a sufficient allegation of performance by the plaintiff, and a sufficient assignment of one breach by the defendant. If the defendant had desired a more particular statement of what the plaintiff would attempt to prove under the breach, he should have asked for a bill of particulars, or demurred specially. The declaration, containing a sufficient allegation of performance by the plaintiff, and one, at least, sufficient assignment of a breach by the defendant, is good upon general demurrer, and by the stipulation of the parties the plaintiff is entitled to judgment for $500.

*Exceptions overruled. Judgment for*
*plaintiff for $500, as stipulated.*